UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHA DELISHEI NORTON, | : |
| | : CIVIL ACTION NO. 3:15-CV-701 |
| Plaintiff, | : |
| | : (JUDGE CONABOY) |
| v. | : |
| | : |
| CAROLYN W. COLVIN, | : |
| Acting Commissioner of | : |
| Social Security, | : |
| | : |
| Defendant. | : |

**MEMORANDUM**

Here the Court considers Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act filed on January 22, 2016. (Doc. 36.) Plaintiff seeks $8,305.43 "plus any further amount which may be necessitated by any Agency's opposition" to the motion. (*Id.* at 2.) Defendant filed Defendant's Opposition to Plaintiff's Motion for Attorney's Fees Pursuant to The Equal Access to Justice Act on February 8, 2016, asserting that Plaintiff's request is unreasonable and the Court should reduce the award to $5,179.88, "the approximate average EAJA fee request in the this district in FY 2016."[1] (Doc. 38 at 2-3.) Plaintiff filed her reply brief on February 22, 2016, arguing that the requested award is reasonable and Defendant has failed to show otherwise. (Doc. 39.)

---

[1] Defendant seeks this reduction of fees "from the requested $8,279.58." (Doc. 38 at 2.) However, as noted in the text, the requested fee in this case is $8,305.43. (Doc. 36 at 2; Doc. 36-1 at 6.)

Pursuant to the Equal Access to Justice Act ("EAJA"), a plaintiff is entitled to an award of attorneys fees if the plaintiff was the prevailing party, the position of the government was not substantially justified, and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Fees and expenses under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)A).

Defendant argues only that the fees here are unreasonable, first asserting that the requested fee is "far greater than the average fee requested in this district and twice the average fee awarded in this district, or stipulated to, in fiscal year FY 2016." (Doc. 38 at 2, 4-6.) Defendant also identifies five specific grounds for fee reduction: 1) 3.1 hours associated with tasks completed before the start of the litigation should be reduced to .5 hours (*id.* at 7); 2) 3.3 hours for routine tasks after the complaint was filed and before work began on the opening brief should be reduced to one hour (*id.* at 10-11); 3) 34.55 hours attributed to outlining the evidence, and drafting and filing her brief should be reduced by a minimum of 14 hours (*id.* at 11-12); 4) 2.2 hours requested for such tasks as reviewing the order and judgment and related matters should be reduced to one hour (*id.* at 13); 5) $175.50 compensation for tasks completed by a paralegal should be eliminated (*id.* at 14).

The Court declines Defendant's request to categorically reduce the fee to the fiscal year 2016 average. (Doc. 38 at 2, 4-6.) The

2

general assertions that this case was routine and did not involve novel or complicated issues (*id.*) do not support the reduction suggested.  I now turn to the specific hourly reductions requested.

1. ***Activity Before Filing of Complaint***

Defendant asserts the 3.1 hours associated with tasks completed before the start of litigation should not be allowed because the EAJA statute requires that the fees be incurred for purposes of civil litigation.  (Doc. 38 at 7 (citing 28 U.S.C. § 2412(d); *Melkonyan v. Sullivan*, 501 U.S. 89, 94, 97 (1991); *Guthrie v. Schweiker*, 718 F.2d 104, 107-08 (4th Cir. 1983)).)  Alternatively, Defendant suggests that the Court allow a maximum of .5 hours for pre litigation tasks.  (Doc. 38 at 7.)

Plaintiff notes that 2.85 hours rather than 3.1 hours was requested for pre-complaint activities and this amount is reasonable given the need to explain the post Appeals Council procedure to both Plaintiff and her mother and in preparing the complaint and other papers for filing.  (Doc. 39 at 6-7 & n.5.)  As noted by Plaintiff, Defendant cites *Gough v. Apfel*, 133 F. Supp. 2d 878 (W.D. Pa. 2001) for the proposition that 2.5 hours billed for pre-complaint time is reasonable.  (Doc. 39 at 6 (citing Doc. 38 at 8).)  As a general matter, pre-complaint fees have been recognized as compensable when the hours worked are related to the federal litigation and not to the underlying administrative proceedings.  *Webb v. Bd. of Educ. of Dyer County*, 471 U.S. 234, 243 (1985).

This may include time spent explaining the appeal process to the plaintiff. *See, e.g., Merritt v. Astrue*, No. 3:11-CV-309-J-34, 2011 WL 6937368, at *2 (M.D. Fla. Nov. 30, 2011).

Here review of the Appeals Council Decision, communication about it and the appeal of the Decision with co-counsel and Plaintiff's mother, IFP-related activity and the preparation and filing of the complaint and related documents are all related to the federal litigation. Given an attorney's obligation to communicate with his client, which in this case involves communicating with Plaintiff's mother, and the fact that other courts have found similar time charges appropriate, the Court will not reduce the pre-complaint time charged in this case.

2. **Routine Tasks**

Defendant next argues that the 3.3 hours billed between the filing of the complaint and preparation of Plaintiff's brief for what she characterizes as "routine tasks" is excessive and this time should be reduced to one hour. (Doc. 38 at 10-11.) Defendant specifically points to telephone conferences and correspondence with Plaintiff and her mother and between the attorneys about their fee agreement, and downloading documents. (*Id.* at 11.) Plaintiff responds that communication is important for good attorney-client relations and downloading documents is not a clearly clerical task because it "must be done with care, in order to be certain that the entire record is downloaded." (Doc. 39 at 8.)

4

The need for a task to be accomplished with care does not remove it from the realm of the clerical. Plaintiff's attorneys' past difficulty with a clerical staffer's download from PACER (Doc. 39 at 8 n.6) does not change the fact that downloading documents is considered a clerical task for purposes of the EAJA, and is therefore not compensable. *See, e.g., Seggerman v. Colvin*, No. 3:11-CV-1219, 2014 WL 2534876, at *4 (D. Conn. June 5, 2014) (assembling papers for service and downloading documents are clerical tasks which are not compensable under the EAJA). Therefore, the 3.3 hours billed during the time period at issue will be reduced by .65 hours to reflect the time allotted to the download of documents on June 16, 2015. (*See* Doc. 36-1 at 5.)

The 1.7 hours billed on October 9, 2015, for downloading Defendant's brief and working on notes for a reply brief (Doc. 36-1 at 6) is also properly deducted in that there is no breakdown between these tasks and Plaintiff's counsel never filed a reply brief.

### 3. *Plaintiff's Brief*

Defendant maintains the time expended by Plaintiff's attorney in drafting and filing her brief far exceed the typical hours necessary. (Doc. 38 at 12 (citing *Magwood v. Astrue*, 594 F. Supp. 2d 557, 562-63 (E.D. Pa. 2009)).) She requests that the 34.55 hours billed be reduced by a minimum of fourteen hours. (Doc. 38 at 13.)

5

Plaintiff responds with reference to the acknowledgment in the Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees (Doc. 37) that the fees in this case were slightly above the high end of average as set out in a survey of Social Security disability appeal case in *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 (W.D. Cal. 2000), which shows that the average time is 30 to 40 hours for such litigation. (Doc. 39 at 4.) In both her Memorandum and brief, Plaintiff attributes hours expended here to "a voluminous record which required counsel to request and receive leave to file a brief in excess of the usual size and provide a detailed statement of the facts." (Doc. 37 at 3; Doc. 39 at 4.)

I concur that the 3,074 page record in this case is properly characterized as "voluminous." (*See* Docs. 12-24.) Dealing with such a record logically requires more time in the summarizing and drafting processes. It is far in excess of the 360 page record in *Laniewski v. Commissioner*, 3:14-CV-1594 (Doc. 18), and the 658 page record in *Miller v. Colvin*, 3:15-CV-501 (Doc. 13)--recent cases in which the Court determined that a reduction in the time spent preparing the plaintiffs' briefs was proper, *Laniewski*, 3:14-CV-1594 (Doc. 30); *Miller*, 3:15-CV-501 (Doc. 22). Plaintiff's forty-three page brief in this case (Doc. 31) also far exceeds the fifteen page briefs filed in *Laniewski* (Doc. 21) *Miller* (Doc. 14). Defendant does not address the specific reasons identified by Plaintiff for the amount of time expended on merits briefing.

6

Clearly, a cookie-cutter approach to the determination of the reasonableness of fees in these cases is not appropriate if a plaintiff is to receive the representation deserved. Because I find the length of the record relevant to the time expended in the briefing process and because Defendant failed to discuss this aspect of the case, I decline Defendant's request to reduce the time by fourteen hours. (*See* Doc. 38 at 13.)

### 4. *Activities Related to the Court's Decision*

Defendant requests that the 2.2 hours billed for tasks such as reviewing and downloading the Court's Memorandum and Order, e-mails between Plaintiff's counsel, and a telephone conference with Plaintiff's mother should be reduced to one hour. (Doc. 38 at 13.) I do not find these activities objectionable in that an attorney must adequately review a decision in order to communicate the result of the litigation to the plaintiff. Defendant cites no authority to support the prohibition of compensation for communication between co-counsel. Although I previously found that downloading was a clerical task and not compensable under the EAJA, the .75 hours billed on October 26, 2015, for F. Michael Friedman's downloading and review of the Court's Memorandum and Order *will not* be reduced because the coordinated action is comparable to the October 30, 2015, charge of .75 hour for Mr. Bednarz's review of the Memorandum and Order. (Doc. 36-1 at 6.)

7

*5.     Paralegal Time*

Defendant objects to the paralegal time charged, including the 1.2 hours for preparing an optical character recognition (OCR) version of the record because it is a purely clerical task and for proofreading a brief because the brief was drafted and proofread by an experienced attorney. (Doc. 38 at 14.) Plaintiff maintains that then preparation of the OCR version of the record is not purely clerical, explaining the reasons why this is so. (Doc. 39 at 9.) I have previously concluded that compensation should not be reduced for tasks calculated to make the attorney's work more time efficient in furtherance of his client's cause. *Miller*, 3:15-CV-501 (Doc. 22). Preparing on OCR version of the record is such a task and is appropriately compensated at the paralegal rate. Proofreading of a legal brief is also a task for which compensation at the paralegal rate is proper in that more than clerical skills are advantageous in optimizing the endeavor.

In conclusion, a reduction of 2.35 hours of attorney time (-$443.75) from the 43.15 hours requested is appropriate for the tasks which are not compensable under the EAJA. For the reasons discussed above, I find it reasonable to compensate Plaintiff for 40.8 hours of attorney time at an hourly rate of $188.83 ($7,704.26) and an additional $157.50 for paralegal time for a total of $7,861.76. An appropriate Order will be issued

8

simultaneously with this Memorandum.

                                           RICHARD P. CONABOY
                                           United States District Judge

DATED: 3-3-16

9